IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASUL ROE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO N. MAYORKAS, *et al.*, <br><br> Defendants. | HON. J. ALLISON D. BURROUGHS <br><br> No. 1:22-cv-10808-ADB |

**SECOND REPORT ON BOE PLAINTIFFS' POST-COMPLAINT FORMS I-290B**

Pursuant to the Court's request during the status conference on November 7, 2024, Defendants hereby submit this second report on the Boe Plaintiffs' post-Complaint Forms I-290B, which sought reconsideration (Baddar Boe) and reconsideration and reopening (Basel Boe) of the decisions to deny temporary humanitarian parole to their unadmitted, non-citizen relatives residing abroad, who seek permanent resettlement in the United States.

\* \* \* \* \*

On September 9, 2021, Plaintiff Basel Boe filed Forms I-131, Application for Travel Document, requesting parole on behalf of Plaintiffs Badi, Bahar, Barakat, and Baharak Boe. 2nd Leigh Decl. (ECF #159-1) at ¶ 2. On September 21, 2021, Plaintiff Baddar Boe filed Forms I-131 requesting parole on behalf of Plaintiffs Baktash, Benesh, Basim, Basir, and Burhan Boe. *Id.* ¶ 3.

On May 25, 2022, Plaintiffs filed their pseudonymous complaint, alleging, without support, that USCIS "substituted case-by-case adjudication for a categorical rule refusing to approve Afghan humanitarian parole applications for Afghan nationals[.]" ECF #1 at ¶ 188.[1]

---

[1] Plaintiffs withheld their true identities from Defendants until June 9, 2022. June 9 Tr. at 11:8-17.

Notwithstanding, during the pendency of the applications, USCIS conducted a careful, individualized review of the evidence presented. *E.g.*, BADI BOE-30[2] (ECF #146-1) ("Although the evidence suggests there may be SPB [significant public benefit] reasons for parole in this case, it is recommended to deny the request as a matter of discretion based [on] national security concerns."); BASIR BOE-30 (ECF #146-6) ("Although the applicant presented previous work document no recent activity was presented that shows that the applicant may be in danger. Furthermore, the applicant mentioned that his family members previous work… may also cause the Taliban to retaliate… however no proof of documentation or threat was presented. …[G]iven the information provided there is no evidence found for a need for an urgent Humanitarian parole or… [p]ublic service benefit."); ECF #146-1 to ECF# 146-9. Based on USCIS's individualized assessment of the applications and review of the evidence submitted therewith, USCIS denied Basel's and Baddar's Form I-131s on May 27, 2022 and July 7, 2022, respectively. Leigh Decl. ¶¶ 2-3. Each was issued decision letters explaining USCIS's basis for the denying each application. BADI BOE-185; BAHAR BOE-172; BAHARAK BOE-169; BARAKAT BOE-158; BAKTASH BOE-181; BASIM BOE-170; BASIR BOE-172; BENESH BOE-173; BURHAN BOE-172.

Subsequently, on or about June 27, 2022, Basel Boe filed Forms I-290B, Notice of Appeal or Motion, requesting USCIS to reconsider the denial of the parole requests for Badi, Bahar, Barakat, and Baharak Boe. 2nd Leigh Decl. ¶ 2. On or about August 9, 2022, Baddar Boe filed Forms I-290B requesting USCIS to reconsider and reopen the denial of the parole requests for Baktash, Benesh, Basim, Basir, and Burhan Boe. *Id.* ¶ 3.

On November 21, 2024, USCIS dismissed the Forms I-290B filed on behalf of Badi, Bahar, Barakat, Baharak, Baktash, Benesh, Basim, Basir, and Burhan Boe under 8 C.F.R. § 103.5(a)(2)

---

[2]   Excess zeros have been omitted from Bates pagination citations.

and/or 8 C.F.R. § 103.5(a)(3). *Id.* ¶ 4. However, a USCIS service officer, on their own motion, reopened the Forms I-131 for Barakat, Baharak, Baktash, Benesh, Basim, Basir, and Burhan Boe as a matter of discretion under 8 C.F.R. § 103.5(a)(5). *Id.* ¶ 5. Notices were mailed to Baddar and Basel Boe, as well as their representatives, stating the officer's decisions on the Forms I-290B. Decision Letters (ECF #159-2).[3] Copies of those notices are attached to this report. *Id.*

Barakat, Baharak, Baktash, Benesh, Basim, Basir, and Burhan Boe will be issued new decisions in due course, following the submission of any responses to any Requests for Evidence or Notices of Intent to Deny as USCIS may discretionarily issue. *See* 8 C.F.R. § 103.2(b)(8).

---

[3] Burhan Boe's notice date was inadvertently misprinted as November 26, 2024. ECF #159-2 at 3.

| | |
|---|---|
| DATED: November 25, 2024 | Respectfully Submitted,[4] |
| | |
| JOSHUA S. LEVY<br>*Acting United States Attorney* | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General*<br>Civil Division |
| | |
| RAYFORD FARQUHAR<br>*Assistant United States Attorney* | WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation<br>District Court National Security Section |
| | |
| | YAMILETH G. DAVILA<br>*Assistant Director* |
| | |
| | */s/ David J. Byerley*<br>DAVID J. BYERLEY (D.C. Bar 1618599)<br>*Trial Attorney*<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>District Court National Security Section<br>P.O. Box 868, Washington D.C. 20044<br>202-532-4523 | david.byerley@usdoj.gov |
| | |
| | *Attorneys for Defendants* |

---

[4] Undersigned counsel continues to follow up with non-party agencies to meet the Court's other informal request for a report on the Moe Plaintiffs' relocation efforts, if any. A separate report and supporting declarations will be filed as soon as the underlying information becomes available.

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: November 25, 2024

                                          */s/ David J. Byerley*
                                          DAVID J. BYERLEY (D.C. Bar 1618599)
                                          *Trial Attorney*

                                          *Counsel for Defendants*