IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASUL ROE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, *et al.*,<br><br>    Defendants. | HON. J. ALLISON D. BURROUGHS<br><br>No. 1:22-cv-10808-ADB |

### SECOND REPORT ON MOE PLAINTIFFS' RELOCATION EFFORTS

Pursuant to the Court's request during the status conference on November 7, 2024, Defendants hereby submit this report on the Moes' post-Complaint efforts to relocate to a country with a U.S. consulate or embassy, such that USCIS would be able to complete processing of their requests for discretionary, temporary parole under 8 U.S.C. § 1182(d)(5)(A). Plaintiff Malik Moe seeks temporary parole for his unadmitted, non-citizen alleged relatives residing abroad so they can permanently resettle in the United States.

\*     \*     \*     \*     \*

On September 24, 2021, Plaintiff Malik Moe filed Forms I-131, Application for Travel Document, requesting parole on behalf of Plaintiffs Malia, Medina, and Marwa Moe. ECF #1 at ¶ 105.

On May 25, 2022, Plaintiffs filed their pseudonymous complaint, alleging, without support, that USCIS "substituted case-by-case adjudication for a categorical rule refusing to approve Afghan humanitarian parole applications for Afghan nationals[.]" *Id.* at ¶ 188.

1

Notwithstanding, during the pendency of the applications, USCIS conducted a careful, individualized review of the evidence presented. In the Moes' cases, because little information was submitted with the initial application, USCIS exercised its discretion to request further information via Request for Evidence (RFE), rather than deny the applications for lack of evidence. 8 C.F.R. § 103.2(b)(8)(i)-(ii). On November 10 and 15, 2022, USCIS requested evidence missing from the applications for each Malia, Marwa, and Medina Moe. MALIA MOE-129-131; MARWA MOE-134-36; MEDINA MOE-120-22. These RFEs were tailored to each beneficiary based on the minimal evidence submitted with the initial applications. *E.g.*, MEDINA MOE-121-22 ("Provide contemporaneous evidence of the Beneficiary's employment as a ▬▬▬"). On February 23 and 28, 2023, the Moes submitted their responses. MALIA MOE-076; MARWA MOE-080; MEDINA MOE-071.

Upon receipt of the responses, USCIS resumed review of the cases. Per the Parole Adjudication Worksheets (PAWs), the USCIS adjudication officer's "justification/analysis regarding why parole authority should or should not be exercised favorably" reflected that the officer's careful review of the evidence demonstrated that "petitioner received COM approval and Special Immigrant Visa (SIV) status to immigrate to the United States" and "[t]he evidence suggest[ed] significant positive factors when viewed in the totality of the circumstances, including a combination of risk of harm due to the petitioner's and beneficiaries' prior work supporting broader U.S. objectives in Afghanistan, and family member ties to the United States." MARWA MOE-030; MALIA MOE-30; MARWA MOE-30 (ECF #146-9 to 146-11).

Less than three months after the responses were received, on May 16, 2023, USCIS issued notices explaining its favorable determination that the Moes' applications were eligible for continued parole processing. MALIA MOE-138; MARWA MOE-141; MEDINA MOE-127. The

notices explained that, "[f]or USCIS to continue processing the parole request, you [Malik Moe], the petitioner, must notify USCIS when the parole beneficiary is in a location with a U.S. embassy or consulate." *Id.* The notices also advised, "the beneficiary must arrange travel to a country where there is a U.S. embassy or consulate to continue processing the parole request. USCIS is unable to help the beneficiary [relocate]." *Id.* However, "[o]nce USCIS has received the notification that the beneficiary is in a location where they're able to complete consular processing, [USCIS] will review the beneficiary's case" and "[i]f no new derogatory information is found and the beneficiary remains eligible for parole, USCIS will issue a conditional approval notice to the petitioner" which would "provide additional instructions for the beneficiary, including how to initiate consular processing, medical requirements that must be completed prior to their consular appointment, and additional information regarding parole into the United States." *Id.*

As of December 20, 2024, USCIS' Parole Operations has not been notified that Plaintiffs Marwa Moe, Malia Moe and Medina Moe have relocated to a location with a U.S. embassy or consulate. 3rd Leigh Decl. ¶ 6. Additionally, USCIS' Parole Operations has no record that Plaintiffs contacted USCIS regarding assistance with the Moes' relocation to a location with a U.S. embassy or consulate. *Id.* As explained in the notices, "USCIS is unable to help the beneficiary [relocate.]" MALIA MOE-138; MARWA MOE-141; MEDINA MOE-127.

However, the U.S. Department of State's Office of the Coordinator for Afghan Relocation Efforts ("CARE"),[1] within the Bureau of South and Central Asian Affairs of the Department of

---

[1] "CARE coordinates the U.S. Government's relocation and immigration processing for certain Afghans eligible for relocation assistance under the Enduring Welcome program, including communications, case management, and travel. This includes the provision of relocation assistance to certain eligible Afghans from Afghanistan via third-country platforms where Afghans complete the necessary immigration processing steps to resettle in the United States." Watson Decl. ¶ 2.

State—a non-party to this case—reports that Malia Moe is a ███████████████ and that "as of December 12, 2024, [Malia Moe] was ███████████████ ███████████████ ███████████████" Watson Decl. at ¶ 3.[3] A further review of CARE's records reflect that while Malik Moe contacted CARE seeking relocation for Medina and Marwa Moe (and others) in May 2023, CARE has no records of direct contact with Marwa or Medina Moe. *Id.* ¶¶ 4–5 . Based on publicly-available information, it appears that Malia Moe is eligible for CARE relocation because of her ███████████ not because of the Form I-131. *See* U.S. DEP'T OF STATE, *Afghanistan Inquiries* (https://www.state.gov/afghanistan-inquiries/) (visited Nov. 26, 2024) ("CARE works to relocate eligible Afghan allies, including those ███ ███████████████ ███████████████

---

[3] An unredacted copy of this Status Report and the Declaration of Micah Watson will be submitted to the Court via email concurrently.

| | |
|---|---|
| DATED: December 20, 2024 | Respectfully Submitted, |
| JOSHUA S. LEVY<br>*Acting United States Attorney* | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General*<br>Civil Division |
| RAYFORD FARQUHAR<br>*Assistant United States Attorney* | WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation |
| | YAMILETH G. DAVILA<br>*Assistant Director* |
| | DAVID J. BYERLEY<br>*Trial Attorney* |
| | */s/ Jaime A. Scott*<br>JAIME A. SCOTT (DC #90027182)<br>*Trial Attorney*<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Washington D.C. 20044<br>Telephone: 202-305-3620<br>Email: Jaime.A.Scott@usdoj.gov |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: December 20, 2024

                                               */s/ Jaime A. Scott*
                                               Jaime A. Scott (DC #90027182)
                                               *Trial Attorney*

                                               *Attorney for Defendants*